IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANTRELL STREETER, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) UHG I LLC and MARKOFF LAW LLC, ) ) Defendants. ) | Case No. 1:19-cv-08474<br><br>Judge: Sara L. Ellis<br><br>Magistrate Judge: Jeffrey Cummings |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARKOFF LAW, LLC'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

Defendant, MARKOFF LAW, LLC by and through its counsel, David M. Schultz and Whitney S. Goldin of Hinshaw & Culbertson, LLP, hereby submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint, in its entirety and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). In support thereof, Markoff states as follows:

### INTRODUCTION

The plaintiff, Cantrell Streeter, asks this court to determine that Markoff's use of form language on state court collection pleadings violated the Fair Debt Collection Practices Act ("FDCPA"). The Defendants attached an affidavit to a complaint in a state court lawsuit that contained language required by the Illinois Supreme Court Rules. The part of the complaint that Plaintiff takes issue with is identical to the form complaint provided by the Clerk of the Circuit Court of Cook County. And the Seventh Circuit has explained that the FDCPA is not a mechanism to enforce action taken in state court that is governed by state law, and this court should also reject this effort.

## ALLEGATIONS

Streeter eventually defaulted on a Pentagon Federal Credit Union consumer credit card account. (Dkt. No. 1 ¶¶ 20, 22.) On September 17, 2019, Defendant UHG filed a lawsuit in the Circuit Court of Cook County on behalf of Markoff. (Dkt. No. 1-1.) The caption of the complaint stated, among other things, "Amount Claimed $20,956.76 plus Costs". (*Id*.)

As required by Illinois Supreme Court rule, a collection affidavit was attached to the complaint. (*Id.* at p. 11-13.) Pursuant to the affidavit template contained in the Article II Forms Appendix, the affidavit listed "additional account information" after charge off, and listed three items that could constitute additional amounts sought after the charge-off date: (1) interest accrued; (2) non-interest charges or fees; and (3) attorney's fees. (*Id.* at p. 13.) The affiant did not check any of those items, and instead checked the box stating, "No". (*Id.*)

On December 29, 2019, Streeter filed this lawsuit. (Dkt. No. 1.) In it, he alleges that the defendants violated the FDCPA because the state court lawsuit sought court costs, and seeking that relief contradicted the attached collection affidavit, because the assertions in the affidavit operated as a waiver. (*Id.* ¶ 41-42.) Streeter concluded that the defendants violated sections 1692e and 1692f of the FDCPA because the allegedly conflicting statements were false and misleading, and amounted to an unfair practice. (*Id.* ¶¶ 58-66.)

## STANDARD OF REVIEW

Rule 12(b)(6) states that a defendant may seek dismissal of a claim if the complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, the court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must offer more than merely an "unadorned, the-defendant-unlawfully harmed-me

1028264\305341606.v1

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted)).

## ARGUMENT

**1. The Complaint fails to state a plausible claim because Markoff did not make any false statement regarding court costs.**

Streeter's claims fail simply because the state court documents did not make any false or misleading statements. A plaintiff fails to state a section 1692e claim when it is based on a bizarre, peculiar, or idiosyncratic interpretation of the language at issue. *Eul v. Transworld Sys.*, No. 15 C 7755, 2017 U.S. Dist. LEXIS 47505, at *100 (N.D. Ill. Mar. 30, 2017) (citing *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 759 (7th Cir. 2006)).

Moreover, the Seventh Circuit has ruled that "The FDCPA is not an enforcement mechanism for matters governed elsewhere by state and federal law." *Bentrud v. Bowman*, 794 F.3d 871, 875 (7th Cir. 2015) (citing *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* 480 F.3d 470, 474 (7th Cir. 2007)) (holding that § 1692f of the FDCPA only applies to non-judicial action and that state court proceedings are outside the scope of that section.) While *Bentrud* and *Beler* foreclose Streeter's § 1692f claims, the Court should consider Plaintiff's entire theory, including the § 1692e claims, in the context of *Bentrud* and *Beler*. Such consideration is important because Plaintiff is complaining that Markoff complied with state law in a state court. Thus, Markoff did not make any false statement in its complaint or the accompanying affidavit.

  **A.** *Streeter's claims amount to an assertion that Markoff followed an Illinois Supreme Court Rule and a court form from the applicable county utilizing documents that were not contradictory and did not make false statements.*

The language in the state court pleadings about the relief sought plainly is not contradictory, false, or misleading. Streeter argues that the language in a Illinois Supreme Court Rule 280.2 affidavit forfeited the right to seek costs in the future, and so the language in the

3

affidavit is inconsistent with the other language in the pleadings seeking costs. (Dkt. No. 1 ¶¶ 41-46.) But there is no support in the Illinois Supreme Court Rules for the proposition that the requested relief in the complaint of a collection action is limited to what has been identified in the required Rule 280.2 affidavit, and that Markoff therefore violated the FDCPA by seeking court costs not identified in the affidavit. By way of an example, in another type of litigation, a party may file an affidavit seeking quantifiable actual damages arising out of medical expenses in a tort lawsuit, but then in their prayer for relief, request unquantifiable punitive damages for extreme and outrageous conduct. It strains credulity to believe that the punitive damages claim would have been waived or held to be improper, let alone somehow be considered a false statement.

The affidavit attached to the complaint in the state court lawsuit follows a court requirement: Illinois Supreme Court Rule 280.2. The requirements for the affidavit that must be attached to a complaint in a collection action under to that rule are found in the Article II Forms Appendix of the Illinois Supreme Court Rules. Indeed, the rule itself does not specify any minimum required information other than "substantially adopting the appearance and content of" the form. Ill. S. Ct. R. 280.2(b). This is significant, because in the absence of any articulated types of information listed in the rule, plaintiffs are more reliant on using the template affidavit as drafted to comply. *Cf.* Ill. S. Ct. R. 113(c); Forms Appendix: Article II (listing the three types of minimum information that must be set forth in a Rule 113 affidavit, as well as providing a form affidavit for practitioner use). Streeter concedes that the collection affidavit is a required form affidavit under Rule 280.2 (Dkt. No. 1 ¶ 64.)

Streeter appears to allege that because the affidavit did not mention court costs when addressing what was being sought, the complaint was false for seeking court costs. (*Id.* ¶¶ 39, 42, 44.) That assertion is meritless. The Supreme Court defined what was meant by "additional

amounts" within the affidavit: the total amount of interest accrued, the total amount of non-interest charges or fees accrued, or attorneys' fees. *See* http://www.illinoiscourts.gov/SupremeCourt/Rules/Art_II/Art_II_Forms_Appendix.pdf., at 50-52 (last accessed Feb. 24, 2020). The Supreme Court did not list the ancillary category of court costs in that field. A plain language interpretation of the rule and the categories that follow, make it clear that the Illinois Supreme Court was only addressing the additional amounts *of the debt itself* that had already accrued prior to the affidavit's execution, such as interest, attorneys' fees, or other fees. Put another way, the affidavit requires the plaintiff to list additional amounts that can cause the debt to increase based on the account itself because of the agreed terms. Court costs are distinct from the amount sought. *See* 735 ILCS 5/5-108 (stating that costs are available to any plaintiff who prevails in an action for damages personal to the plaintiff).

Furthermore, Markoff was not required to list court costs in the affidavit because the court costs are outside the scope of the subject matter of the affidavit, which has now been clarified via amendment. If Markoff would have said that "yes" it was seeking additional amounts after charge-off—as Streeter insists it should have done (Dkt. No. 1 ¶ 57)—it would been sued for allegedly falsely saying it was seeking costs that the affidavit is not supposed to address. Rather, Markoff properly sought court costs in the state-court complaint.

Streeter then takes issue with the state-court complaint because it sought court costs. Markoff's complaint also followed the Cook County sample complaint. Cook County publishes a form complaint that provides instructions for litigants to input various types of information, including that a party is seeking court costs. That complaint is publicly available at http://www.cookcountyclerkofcourt.org/Forms/pdf_files/CCMN008_SAMPLE.pdf. *See Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (a court "may take judicial notice of

matters of public record without converting a 12(b)(6) motion into a motion for summary judgment."); *Banks v. Thomas*, 2011 U.S. Dist. LEXIS 48656, *6 (S.D. Ill. May 7, 2011) (citing *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) for the proposition that a court can take judicial notice of public records available on government websites).

In *Holcomb v. Freedman Anselmo Lindberg, LLC*, 900 F.3d 990, 991-92 (7th Cir. 2018), the plaintiff advanced a theory that, like here, a debt collector's compliance with Illinois Supreme Court Rules constituted a violation of the FDCPA. In *Holcomb,* the plaintiff sued a debt collector and a law firm that had represented the debt collector in a state court lawsuit. *Id.* at 991. In the state court case, the borrower had retained a lawyer to represent her, but that lawyer did not file an appearance on her behalf in the case. *Id.* at 991. In accordance with Illinois Supreme Court Rule 11—which requires service of pleadings to be made on the party unless there is an attorney of record—the law firm served a pleading on the borrower because her attorney had not yet filed an appearance. The borrower filed a federal lawsuit claiming that the law firm violated the FDCPA by communicating with a consumer whom it knew was represented by counsel. *Id.* at 992.

The law firm argued that Illinois Supreme Court Rule 11 required it to serve the party directly if an attorney did not have an attorney of record. *Id.* The law firm explained that because the debtor's attorney never filed an appearance, that he was not an attorney of record under the rule. *Id.* The Seventh Circuit held that the law firm's actions were taken pursuant to the its obligations under the Illinois Supreme Court Rules in Illinois state court. *Id.* at 995. The same type of situation is at issue here: Streeter says that Markoff's compliance with a different Illinois Supreme Court Rule in Illinois state court through an affidavit and complaint, whose forms were set forth by an Illinois court, violates the FDCPA.

*Lauber v. Lawrence & Morris,* 2017 U.S. Dist. LEXIS 153579, *2-4 (N.D. Ill. Sept. 20, 2017) also supports the complaint's dismissal. The court addressed the same theory under § 1692e, and again explained that the language complained of—a warning that the failure to appear at a hearing may result in being arrested—was contemplated by the statute at issue, and was required to be used by two Illinois county courts. *Id.* at *9. The court held that "the meaning implied in the statutorily suggested statement and the citation caption are substantially similar" and did not violate the FDCPA. *Id.* The court noted that the plaintiff's argument "would mean the very statute defendants allegedly failed to follow would violate the FDCPA as well." *Id.* Streeter's theory fails for the same reasons.

Similarly, nothing about the summons is false or misleading. Streeter avers that because the summons did not mention costs in the "Amount Claimed" field, it implied that Markoff was not seeking costs. (Dkt. No. 1 ¶ 54.) Not so. The rule governing the content of summonses in Illinois describes the amount claimed in the summons as "exclusive of interest and costs". Ill S. Ct. R. 101(b)(1). There is nothing in the requirements for the content of a summons or its purpose that indicates it is appropriate or necessary to mention costs in a summons.

In essence, Markoff's ability—indeed, its obligation—to seek costs in a state court lawsuit highlights why Streeter's theory should fail. The reference to costs in a complaint is not a statement seeking debt from a defendant by virtue of contractual rights. It is a prayer for relief to a court acknowledging that—under certain conditions—the awarding of costs may be appropriate at the end of the case. But it is by virtue of being the prevailing party at the end of a case that plaintiffs are entitled to costs—not because of any underlying characteristic of the debt itself.

B.   *Streeter's theory that it violated the FDCPA to generally request court costs prior to obtaining a judgment or incurring an identifiable dollar amount in court costs conflicts with the law.*

Streeter also appears to suggest that Markoff violated the FDCPA because it sought court costs in the state court lawsuit that were not yet accrued and that it did not identify, because the consumer would not know how much is owed on a debt or "what additional exposure" would be faced in the lawsuit. (Dkt. No. 1 ¶ 61.) This argument fails for two reasons.

First, as discussed, Illinois Supreme Court Rule 280.2 mandates that the affidavit it references to be attached to the complaint in a collection action. As such, the affidavit must be executed *before* the complaint's filing, and Markoff could not have listed specific court costs that had not been incurred or had a dollar amount associated with them at the time that it filed the complaint. Indeed, if Markoff had listed actual court costs in an identifiable dollar amount in the affidavit or complaint as opposed to stating that it was seeking court costs generally, it could have been subject to a different theory under the FDCPA. *See Shula v. Lawent*, 359 F.3d 489, 491 (7th Cir. 2004) (explaining that when an award of costs had not been entered by the Court, the defendant's act of seeking specific costs in an identifiable dollar amount violated the FDCPA); *Oberg v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 7369, 2015 U.S. Dist. LEXIS 172439, at *16-17 (N.D. Ill. Dec. 29, 2015) (citing *Shula* and concluding that the defendant violated the FDCPA by seeking a specific amount in court costs that it had lumped into the total amount sought, and that had not yet been awarded by the Court).

Streeter's interpretation is also at odds with Illinois law. The state court complaint shows that Markoff sought "$20,956.76 plus Costs." (Dkt. No. 1-1 at p. 10.) Illinois law allows Markoff to seek court costs in a collection action. *See* 735 ILCS 5/5-108. That section "mandates the taxing of costs commonly understood to be 'court costs,' such as filing fees, subpoena fees . . . to the losing party." *Vicencio v. Lincoln-Way Builders, Inc.*, 204 Ill. 2d 295, 302 (2003). If Markoff

8

wanted to have the option to recover court costs if it prevailed in the lawsuit, Illinois law required it to seek them in its complaint. *See* 735 ILCS 5/2-604.2.[1]

Secondly, and more generally, courts, including the Sixth Circuit Court of Appeals, have repeatedly held that it does not violate the FDCPA for a party to plead a cause of relief in the form of court costs in a lawsuit prior to a judgment being entered in the manner that Markoff did. *Clark v. Main Street Acquisition Corp.*, 553 F. Appx. 510, 514 (6th Cir. 2014); *Boyd v. J.E. Robert Co.*, 2012 U.S. Dist. LEXIS 143365, *34 (E.D.N.Y. Aug. 27, 2012) (holding that a rule under the FDCPA requiring the entry of a judgment before court costs could be demanded "would practically eliminate voluntary settlements" because a party could not recoup costs until there is a judgment); *Jeffries v. Credit Bureau of Carbon Cnty.*, 2015 U.S. Dist. LEXIS 154448, *3-8 (D. Col. Nov. 13, 2015) (holding that allocating a debtor's payment to court costs before a judgment was entered did not violate the FDCPA); *see also Miller v. Javitch, Block & Rathbone*, 561 F.3d 588 (6th Cir. 2009) (indicating that a complaint requesting a specific debt amount and the "costs of this action" in its prayer for relief did not falsely describe the amount of debt owed or violate the FDCPA).

To that point, interpreting the FDCPA to mean that court costs could not be sought until identifiable court costs were incurred would lead to absurd results. Under Streeter's theory, a plaintiff in a state court collection action could never request court costs in a complaint without

---

[1] For this additional reason, it cannot be said that Markoff threatened to seek court costs in violation of § 1692e(5) (Dkt. No. 1 ¶ 80), because it actually did seek court costs. *See Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 352-54 (7th Cir. 2017) (affirming three different trial courts' dismissals of the plaintiffs' § 1692e(5) claims, concluding that the defendants, who were also attorneys, were not prohibited from taking the action that they represented to the plaintiffs that their clients may do in the future); s*ee also Robinson v. Transworld Systems, Inc.*, 876 F. Supp. 385, 392-93 (N.D.N.Y. 1995) (finding for defendant on a § 1692e(5) claim based on language in a collection letter where defendant warned of a possibility of a "protracted and unpleasant collection effort" if payment was not made, because TSI's office did recommend legal action).

violating the FDCPA. Yet, at the same time, the Court would not know to, or may not enter, relief for court costs if that relief is not requested in the complaint. Notably, the complaint in this lawsuit itself seeks court costs. (Dkt. No. 1 at p. 12.) Streeter's interpretation would then lead to either: (1) a violation of the FDCPA any time a plaintiff sought court costs; or (2) the systematic waiver of the right to seek and to recover court costs. Such a scenario is clearly in conflict with the law.

At bottom, the statements in the state court lawsuit were not false, misleading, or contradictory. The supporting affidavit was required to be attached by Illinois Supreme Court rule, and the only requirements of the rule are expressed in the form affidavit itself. The affidavit provided "additional account information", and expressed that Markoff was not seeking additional interest, non-interest charges or fees, or attorneys' fees on the account. It did not state that Markoff would not seek certain statutory relief in the corresponding lawsuit, and certainly did not waive its statutory rights under section 5-108 of the Illinois Code of Civil Procedure to seek costs if it eventually prevailed in the case. The state court pleadings properly referenced costs as a possible event in the case. Each document properly utilized its intended purpose and did not make any false or misleading assertions.

II. **Streeter's section 1692f claim also fails under *Bentrud* and *Beler*, and because there is no independent basis for a section 1692f claim.**

Streeter's claims brought specifically under section 1692f must be dismissed both because of *Beler* and *Bentrud*, and for the additional reason in that he alleges no independent basis for his claims above and beyond his § 1692e claims.

A. *The FDCPA is not an enforcement mechanism for claims arising out of state court law in state court litigation.*

As explained above, the Seventh Circuit has ruled that "The FDCPA is not an enforcement mechanism for matters governed elsewhere by state and federal law." *Bentrud*, 794 F.3d at 875 (citing *Beler,* 480 F.3d at 474) (both ruling that § 1692f of the FDCPA only applies to non-judicial

10

action and that state court proceedings are outside the scope of that section). Streeter claims that the defendants violated the FDCPA by taking actions in Illinois state court required by Illinois law. This theory is plainly within the scope of claims that *Bentrud* and *Beler* prevents a plaintiff from asserting.

Notably, Streeter did not raise these state court procedural issues in the state court lawsuit. If Markoff was seeking supposedly improper relief, or the complaint contained a patently false statement, then surely Streeter could have filed a motion to dismiss, or another motion to alert the court to or seek relief from the requested relief by Markoff that he believed to be improper.

The above scenario is instructive to the Court because it is in line with the considerations from *Bentrud* and *Beler. See Bentrud,* 794 F.3d at 876 ("tellingly, however, [plaintiff] did not complain when [the complained of action] was first imposed" by the state court). Like in *Bentrud,* Streeter did not take any action to address the supposed issue in the state court case. Rather, Streeter has taken to the federal courts for relief. Streeter appears to be trying to "bootstrap § 1692f to 'enforce other legal rules'" and to seek attorneys' fees. *Beler*, 480 F.3d at 473; s*ee also Lauber*, 2017 U.S. Dist. LEXIS 153579 at *2-4 (a plaintiff claimed that the defendant violated the FDCPA by utilizing a citation to discover assets in a state court lawsuit, and the court cited *Bentrud* and *Beler* and dismissed the claim because § 1692f does not apply to legislatively and judicially sanctioned actions, and the defendant there took an action in a state court lawsuit that was required or sanctioned by the Illinois state legislature or Illinois courts).

In sum, alleged anomalies in Illinois state court procedure and practice can be and should be handled by Illinois courts.

1028264\305341606.v1

**B.     *Streeter's § 1692f claim must also be dismissed because it is an bare restatement of his other claims.***

Streeter does not allege any independent basis for his § 1692f claim. Rather, that claim appears to be piggybacked to his other claims, as all of his legal claims are based on the same factual conduct. (Dkt. No. 1 ¶¶ 40-46, 48-49, 59.) Streeter's § 1692f claim is therefore an impermissible restatement of his other claims. As such, that claim must be dismissed. Courts have repeatedly reached this conclusion. *See Heffron v. Green Tree Servicing, LLC*, 2016 U.S. Dist. LEXIS 804, *13 (N.D. Ill. Jan. 5, 2016) (dismissing § 1692f claims when they were "predicated on the same factual allegations as Heffron's § 1692e claim."); *Stewart v. Bierman*, 859 F. Supp. 2d 754, 765 (D. Md. 2012) (dismissing §1692f claim where it failed to allege any conduct separate and distinct from the alleged § 1692e violation); *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 645, 667 (S.D.N.Y. 2006) (dismissing § 1692f claim where the complaint alleged facts that supported claims under § 1692g or § 1692e); *Brunett v. Vital Recovery Servs. LLC*, 2018 U.S. Dist. LEXIS 104491, *12 (E.D. Wis. June 22, 2018) (dismissing § 1692f claim because it lacked a factual basis independent from the § 1692e claim); *Riel v. Immediate Credit Recovery, Inc.*, 2018 U.S. Dist. LEXIS 9642, *3-4, n. 3 (E.D. Wis. Jan. 22, 2018) (granting summary judgment to defendant because the plaintiff's § 1692f claim was duplicative of his § 1692e claim). To the extent that Streeter claims that Markoff violated section 1692f for the same reasons it violated section 1692e, his claims should fail.

WHEREFORE, Defendant, MARKOFF LAW, LLC, respectfully requests that the Court dismiss the Complaint in its entirety, with prejudice, enter judgment in favor of Defendant on Plaintiff's Complaint, and grant such other and further relief in its favor as the Court deems just and proper.

1028264\305341606.v1

          Respectfully submitted,

          MARKOFF LAW LLC, Defendant

          */s/ Whitney S. Goldin*
          Whitney S. Goldin

David M. Schultz
Whitney S. Goldin
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Tel:    312-704-3000
Email:  dschultz@hinshawlaw.com
         wgoldin@hinshawlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on March 10, 2020, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, the foregoing **Memorandum of Law in Support of Defendant Markoff Law, LLC's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)** by using the CM/ECF system, which will send notification of such filing(s) to all counsel of record listed below:

Mario Kris Kasalo
The Law Offices of M. Kris Kasalo, Ltd.
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Email: mario.kasalo@kasalolaw.com

          */s/ Whitney S. Goldin*

1028264\305341606.v1